DENVER & NEW ORLEANS R. CO. *v.* ATCHISON, T. & S. F. R. CO.

*(Circuit Court, D. Colorado.   July, 1882.)*

1. CONSTITUTION OF COLORADO, ART. 15, § 4—CONNECTING RAILROADS.

The meaning of the last clause of article 15, § 4, of the constitution of Colorado, which provides that "every railroad company shall have the right with its road * * * to connect with * * * any other railroad," is that such roads are to be connected physically, as distinguished from the business connection between roads which have approximate *termini*.   It is a union of tracks admitting of the passage of cars from one road to the other, and not a mere meeting of roads which may admit of continuous traffic in some form.   The evident object is the protection of the public, rather than simply to enable corporations to perform their agreement.   By the union of tracks, it was intended to make the roads practically continuous for all that may come in the course of business between companies friendly to each other; that the companies are to be brought into harmony when they fail or refuse to agree in the due and proper exercise of their public functions as common carriers; and this court will not hold that a bill that alleges that complainant has connected its road with defendant's road, but that defendant refuses to grant complainant equal facilities in conducting business that it grants to a rival road, does not present a case calling for the consideration of a court of equity, and dismiss such bill on demurrer without first examining such facts as may be developed by proper evidence.

2. PRACTICE—EQUITY—PRELIMINARY INJUNCTION.

This court will not, however, grant a preliminary injunction in a case like the present, and the motion, therefore, must be denied.

On Demurrer.

*Wells, Smith & Macon,* for plaintiff.

*Thatcher & Gast,* for defendant.

HALLETT, D. J.   Article 15, § 4, of the constitution of Colorado reads as follows:

"All railroads shall be public highways, and all railroad companies shall be common carriers.   Any association or corporation organized for the purpose shall have the right to construct and operate a railroad between any designated points within this state, and to connect at the state line with railroads of other states and territories.   Every railroad company shall have the right with its road to intersect, connect with, or cross any other railroad."

In this case discussion has arisen as to the meaning and effect of the last clause of the section which declares the right of a railroad company to connect its road with any other railroad in the state. Within the knowledge of all persons, there are several ways of operating railroads in connection.   When the trains of different roads arrive at and depart from the same town, although from different depots, between which it may be necessary to transport passengers

and goods by wagon, we say that the roads connect at that place. In the early history of railroads in this country this method was usually pursued, and it is still extensively followed; but, as it involves a change of cars for passengers and goods at considerable expense, a more convenient method of proceeding was soon discovered by uniting the tracks and transferring the cars from one road to the other. In this way closer connections have been made between roads forming continuous lines, so that goods may be sent across the continent without breaking bulk, and passengers make long journeys without change of cars. Of the advantages of this method of operating railroads no doubt is entertained in any quarter. It saves time and money and labor, and serves the public much better than the old way. As before stated, however, the union of tracks and the passage of cars from one road to the other is not an essential element of connection, in the ordinary sense of the word, as applied to railroads. All roads which form continuous lines, and admit of continuous traffic over them in any form, are connected, even where there is no union of tracks or connection of trains.

Referring again to the constitutional provision, it is plain that the word "connect" is not used there in the largest sense, which it may have when applied to connecting railroads.

The language is, "Every railroad shall have the right with its road to * * * connect with * * * any other railroad." The roads are to be connected physically, as distinguished from the business connection always existing between roads which have approximate *termini*. It is a union of tracks admitting of the passage of cars from one road to the other, and not a mere meeting of roads which may admit of continuous traffic in some form. This was not denied at the bar, but it was said that defendant had fulfilled its constitutional obligation by permitting the tracks to be joined at Pueblo. In thus referring to and adopting the most intimate relation that can exist between railroads, what was the object of the framers of the constitution? On behalf of defendant it is contended that their object was to confer on railroad companies power and authority to unite their tracks as convenience or interest may demand, but no right whatever can accrue to either company from such union. The roads are to be firmly united, to await the time when the companies may agree in the use of them. In this view the constitutional convention was much concerned to confer a privilege which has always been enjoyed. No one has ever questioned the right of railroad companies to bring their tracks together in any way that may be acceptable to

them, and we should not assume that the framers of the constitution have studiously provided for what was never denied. It is true that in the preceding clause of the same section there is a grant of power to corporations organized for the purpose, to build roads and to connect with other roads at the boundary line of the state. But if it should be conceded that there is nothing in that clause which may be enforced against a corporation, the same may not be true of the succeeding clause. The regulations of the constitution respecting railroad corporations are, in general, limitations of the powers of those corporations for the protection of the public interests, and to facilitate the transportation business of the country. In the clause under consideration the right of a road to join on to another is declared, certainly, for the protection of the public rather than to enable corporations to perform their agreement. To say that it is an enabling act only, is to divest it of any useful purpose. It is more reasonable to believe that by the union of tracks it was intended to make the roads practically continuous for all that may come in the usual course of business between companies friendly to each other; that the companies are to be brought into harmony when they fail or refuse to agree in the due and proper exercise of their public function as common carriers. The law abhors a vain thing, and therefore it will not unite tracks upon which no car may pass from one to another, or erect a switch which must be left to rust in its socket forever. The constitution requiring that railroad tracks shall be connected, it follows necessarily that some use is to be made of the roads so united, and this we interpret to be such as is usual and customary with connecting lines throughout the country, and may be said to stand with the public convenience and a due regard for the rights of the corporations interested.

Complainant having built a road from Denver to Pueblo, in this state, has united its track with that of the Pueblo & Arkansas Valley Railroad at the place last named.

The Pueblo & Arkansas Valley Railroad is leased to defendant, and, with the defendant's road, it forms a continuous line from Pueblo to Kansas City, where connection is made with many roads traversing the country at large. It is averred that defendant, thus owning and operating a railroad from Kansas City to Pueblo, refuses to transact business with complainant; that it will not deliver to complainant, to be carried, goods and passengers received on its road and destined for points on complainant's road, or receive from complainant goods and passengers carried by complainant to Pueblo and

destined for points on defendant's road.   That defendant transacts business freely with the Denver & Rio Grande Railway Company, a rival in business to complainant, which owns and operates a railroad from Denver to Pueblo and various other points, but refuses to complainant the same facilities for business in the country at large. Without going over the bill at length, we are satisfied that some portions of the relief therein asked may be allowed.   But we are not called upon at present, nor would it be proper, without evidence of the facts, to define the relief to which a party may be entitled under the constitution.   Probably complainant is entitled to deal with defendant on substantially the terms accorded by the defendant to the Denver & Rio Grande Railway Company, in so far as such terms agree with the general usage and practice of railroad companies operating continuous lines.   What may be possible or practicable in that direction may be better seen and understood when we come to the evidence.   While much of this bill is probably without the support of reason or principle, it is believed that other parts of it rest on the firmest foundation.   Great, if not insurmountable, difficulties may be encountered in an effort to regulate passenger travel over roads in the management of companies hostile to each other, but in the carriage of goods the obstacle may not be so great.   It seems reasonable to us that a consignor should be allowed to select the road over which his goods may be carried without consulting defendant, and there may be other matters in the bill which call for judicial control.

The demurrer will be overruled; McCRARY, C. J., concurring.

---

(July 21, 1882.)

On Motion for Preliminary Injunction.

HALLETT, D. J.   In this suit plaintiff seeks to establish a right to connect its road at Pueblo with another road operated by defendant, so that passengers and freight may be transferred from one road to the other in a continuous journey over both lines. . It is not shown that plaintiff at any time has enjoyed this right, but it is averred that defendant has refused to recognize it; and therefore the aid of the court is asked.

The object is, not to preserve existing relations between the parties, but to compel defendant to adopt a new course of dealing with plaintiff, as prescribed by the constitution of the state.   On demurrer to the bill we had occasion to consider the matters alleged, and

it was thought that on proof thereof the plaintiff would be entitled to some measure of relief. But it was not said that such relief could be given in a summary way by preliminary injunction. That proceeding is adopted to preserve the subject of controversy pending the suit, and it has no office to perform in this instance. If, by a course of dealing or by contract, these parties had established such business relations as are recognized by the constitution of the state, we could, perhaps, maintain the *status* by preliminary injunction during the controversy. That was the course pursued in several suits between express companies and railroad companies in this circuit, following the rule that equity will preserve existing rights until the end of the controversy. But nothing of that kind is presented in this suit. Nothing in the way of provisional and temporary relief is asked in the bill, and, if sought, it could not be allowed in that form. The ultimate rights of parties are to be determined upon issue and full hearing, and the controversy in this suit relates only to such rights.

The English cases referred to were upon a statute which I have not been able to find. That statute may give authority to proceed in a summary way, or the practice of the court may be different in that country. With us I think the rule is as I have stated, to use the provisional writ only to maintain the conditions existing at the commencement of the suit, leaving all other matters to be determined by final decree. 2 Story, Eq. Jur. § 861; 1 High, Inj. § 4.

The motion for injunction will not be entertained.

